[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19, 2009
THOMAS K. KAHN
CLERK

No. 08-12808
Non-Argument Calendar

_____

Agency No. A98-701-767


JAVIER TOMAS-SEBASTIAN,

                                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 19, 2009)**

Before EDMONDSON, Chief Judge, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Javier Tomas-Sebastian ("Petitioner") seeks review of the Board of Immigration Affairs' ("BIA") final removal order, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture and other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). No reversible error has been shown; we affirm.

Petitioner argues that he established eligibility for asylum, even though he filed his asylum application more than a year after his last arrival in the United States. He contends that he was persecuted by guerillas and is afraid to return to Guatemala. He claims that his failure to file a timely asylum application when he entered the United States was due to exceptional circumstances: he was a ten-year old, unaccompanied minor, therefore he was under a legal disability at the time. He also claims that his failure to file a timely asylum application within a year of becoming an adult was due to exceptional circumstances: his lack of education and money.

The BIA denied Petitioner's appeal after concluding that he had not challenged the Immigration Judge's (IJ) finding that Petitioner's application was untimely and that he did not show extraordinary or changed circumstances to excuse his failure to meet the filing deadline. The BIA further noted that it agreed with the IJ's alternative finding that Petitioner had failed to establish a clear

2

probability that he will suffer persecution in Guatemala on account of a protected ground.

We review subject-matter jurisdiction de novo. Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (2007). We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotations omitted). We lack jurisdiction to consider claims raised in a petition unless the petitioner has exhausted his administrative remedies for that claim. 8 U.S.C. § 1252(d)(1). We decline to review claims that a petitioner failed to present to the BIA, even if the BIA addressed the underlying issues sua sponte. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006).

We lack jurisdiction to consider this petition because Petitioner did not exhaust his administrative remedies on his claim that his untimely application should have been accepted: he did not challenge these findings before the BIA; he merely asked that the BIA change the IJ's decision and grant him asylum. In the alternative, even if Petitioner had exhausted his administrative remedies with respect to this claim, we lack jurisdiction to consider an argument on this ground: that the BIA erred in determining that a petitioner has failed to establish changed or extraordinary circumstances to excuse an untimely filing. See Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (2007). Accordingly, we dismiss the

3

petition for lack of jurisdiction.

AFFIRMED.